**PASTERNAK, Plaintiff-Appellee, v. JONTZEN, Defendant-Appellant, THRIFT INVESTMENT COMPANY et al, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21912. Decided January 16, 1951.

Emanuel Gynn, Cleveland, for plaintiff-appellee.

Jack Heil, Beach & Warner, Frank T. Cullitan, County Pros., Cleveland, for defendant-appellant and defendants-appellees.

(GUERNSEY, J, MIDDLETON, J, of the 3rd District sitting by designation with SKEEL, PJ, of the 8th District.)

## OPINION

By THE COURT:

In rendering the judgment it has rendered in this action, the Court approves and adopts the reasoning set forth in the opinion of Stanley L. Orr, Judge of the Court of Common Pleas, filed in said cause in said court.

This Court gives priority to the lien of the State for taxes accruing upon said Parcel No. one since the date of the invalid tax sale of said parcel, over the lien of the defendant, Lawrence G. Jontzen, for the reason that under the laws of Ohio the lien of the State for taxes which may be levied on real estate is superior to all other liens thereon and the State is not deemed to waive such lien unless the State, through its Legislature, does so in plain, unequivocal language, and we find no provision of any statute of the State which may be considered or construed as a waiver by the State of its first lien for taxes upon real estate accruing subsequent to the sale of such real estate for taxes.

Under the provisions of §5755 GC, where land is sold for taxes irrespective of the amount of taxes, assessments, penalties and interest due upon it, such sale shall convey the title to said tract or parcel of land divested of all liability for any arrearages for taxes, assessments, penalties and interest which remain after applying the amount thereon for which it is sold.

These provisions are solely for the benefit of the purchaser and protection of the title acquired by him at such sale.

Where the sale is subsequently declared invalid, the purchaser under the provisions of §§5766 and 5767 GC, in lieu of the title to the real estate is vested with a lien upon the real estate purchased by him at such invalid sale, for the amount paid by him for such premises at such sale.

The sale being invalid, the amount of the taxes, assessments, penalties and interest due upon the real estate, over and above the purchase price at said invalid sale, are not abated but remain a valid claim and lien upon said real estate, subject only to the prior lien of the purchaser for the amount paid by him for said real estate at said invalid tax sale.

We have accordingly so prescribed in the judgment of this court. Order see journal.

SKEEL, PJ, GUERNSEY, J, MIDDLETON, J, concur.